UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **WILLIAM H. TIMAS,** ) | |
| ) | |
|     **Petitioner** ) | |
| ) | |
|     v. ) | No. 3:06cv0308 AS |
| ) | |
| **MIAMI CORRECTIONAL FACILITY** ) | |
| **SUPERINTENDENT,** ) | |
| ) | |
|     **Respondent** ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about May 11, 2006, *pro se* petitioner, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on September 11, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on September 26, 2006, which this Court has carefully examined. The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293 (1963).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. For starters, it is useful to cite and incorporate the opinions of the Court of Appeals in Indiana which are relevant to this case. This case commenced in the Vandenburgh Superior Court in Evansville, Indiana. In 1997 in that county and court, this petitioner was

sentenced for 30 years for conspiracy to deal cocaine. Certainly this petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988). The petitioner was found guilty by a jury of this offense, conspiracy to deal cocaine. He was sentenced to 30 years on August 29, 1997.

There are two opinions by the Court of Appeals of Indiana. One was entered December 27, 2005 and concurred in by Judges Darden and Mathias. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The Supreme Court of Indiana denied transfer on May 4, 2006 with regard to that most recent opinion by the Court of Appeals of Indiana. Earlier, there was another opinion by the Court of Appeals of Indiana entered on December 7, 1998, in an opinion by Judge Garrard and concurred in by Judges Riley and Rucker. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "B", attached hereto and incorporated herein. With regard to this first and earliest opinion of the Court of Appeals of Indiana, the Supreme Court of Indiana denied transfer on June 8, 1999. Both of these opinions which are fairly elaborate are subject to a reading under 28 U.S.C. §2254(e)(1).

These actions by the two highest courts in the State of Indiana certainly trigger consideration under the twin decisions in unanimous cases decided on the same day by the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002). *See also Rice v. Collins*, 125 S.Ct. 969 (2006), *Bell v. Cone*,

543 U.S. 447 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

With all deference, a close examination of the decisions of Judge Garrard and Judge Crone, indicate as far as the constitutional issues are concerned, that they simply got it right. Sufficiency of evidence is subject to the general analysis of *Jackson v. Virginia*, 443 U.S. 307 (1979). The opinion of Judge Crone is especially helpful and relevant here and especially on the ineffective assistance of counsel argument as well as the confrontation clause of the Sixth Amendment of the Constitution of the United States.

It is also useful to look closely at exactly which issues were presented to the Supreme Court of Indiana and which were not under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). State and federal trial judges handling criminal cases have to be very careful to be sure that criminal defendants are present at so-called critical stages in the proceedings, and Judge Crone and the Court of Appeals of Indiana gave close attention to that issue and got it right.

When it is all said and done, the petitioner, William H. Timas, has failed to establish a basis for relief under 28 U.S.C. §2254, and such is now considered and **DENIED**.

**DATED:** October 10, 2006

                **S/ ALLEN SHARP**
                **ALLEN SHARP, JUDGE**
                **UNITED STATES DISTRICT COURT**